UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| ALTON SHARAN SAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-00412-KDB-DSC |
| | ) | |
| CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ALTON SHARAN SAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-00416-KDB-DSC |
| | ) | |
| GARY L. MCFADDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ALTON SHARAN SAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-00494-KDB-DSC |
| | ) | |
| MECKLENBURG COUNTY SHERIFF DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| ALTON SHARAN SAPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |

| | | |
|---|---|---|
| vs. | ) | Case No. 3:22-cv-00495-KDB-DCK |
| | ) | |
| **MECKLENBURG COUNTY** | ) | |
| **SHERIFF DEPARTMENT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **ALTON SHARAN SAPP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-00518-KDB-DSC |
| | ) | |
| **MATTHEWS POLICE DEPARTMENT,** | ) | |
| **et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **ALTON SHARAN SAPP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-00519-KDB-DCK |
| | ) | |
| **MATTHEWS POLICE DEPARTMENT,** | ) | |
| **et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **ALTON SHARAN SAPP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-00525-KDB-DCK |
| | ) | |
| **MATTHEWS POLICE DEPARTMENT,** | ) | |
| **et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | |
|---|---|
| **ALTON SHARAN SAPP,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-00528-KDB-DSC |
| | ) |
| **MATTHEWS POLICE DEPARTMENT,** | ) |
| **et al.,** | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER

As of the drafting of this Order, pro se Plaintiff Alton Sharan Sapp ("Plaintiff") has filed twenty Complaints with this Court in under two months.[1] These Complaints all seek relief under 42 U.S.C. § 1983 and most of these actions have substantially or completely overlapping factual allegations, claims, and/or Defendants.[2] Plaintiff seeks to proceed in forma pauperis in all these actions and has filed motions for default judgment in nearly every action, despite that initial review has not been conducted and no Defendant has been served. In these actions, Plaintiff primarily (and vaguely) claims that a Magistrate Judge in the District Court of Mecklenburg County issued

---

[1] Plaintiff has filed and continues to file actions so quickly that additional cases may be filed before this Order is entered. Nonetheless, Plaintiff's current pending cases in this District include: 3:22-cv-00411-RJC-DCK, 3:22-cv-00412-KDB-DSC, 3:22-cv-00416-KDB-DSC, 3:22-cv-00450-RJC-DSC, 3:22-cv-00461-RJC-DCK, 3:22-cv-00462-FDW-DSC, 3:22-cv-00494-KDB-DSC, 3:22-cv-00495-KDB-DCK, 3:22-cv-00518-KDB-DSC, 3:22-cv-00519-KDB-DCK, 3:22-cv-00525-KDB-DCK, 3:22-cv-00526-RJC-DSC, 3:22-cv-00527-RJC-DCK, 3:22-cv-00528-KDB-DSC, 3:22-cv-00529-RJC-DCK, 3:22-cv-00530-RJC-DSC, 3:22-cv-00532-RJC-DSC, 3:22-cv-00533-RJC-DCK, 3:22-cv-00535-RJC-DCK, and 3:22-cv-00537-RJC-DCK. Citations to these cases will be referenced as, for example, "Case No. 3:22-cv-411."

[2] The various Defendants in these actions include the Mecklenburg County Sheriff's Department ("Sheriff's Department"); Gary L. McFadden, the Mecklenburg County Sheriff; Mecklenburg County, North Carolina; the State of North Carolina; the Charlotte-Mecklenburg Police Department ("CMPD"); the City of Charlotte; Johnny Jennings, CMPD Chief; the Matthews Police Department ("MPD"); the Town of Matthews, North Carolina; Clark A. Pennington, MPD Chief; NC Prosecutorial District 26; the "District Attorney Charlotte, NC;" Assistant District Attorney Caline Kitlien Hou; and various officers of the Sheriff's Office, CMPD, and MPD.

3

arrest warrants for various charges[3] without probable cause, alleging the warrants were "validated with only groundless opinions asserted and sworn as facts, and no evidence that lawfully or reasonably proved probable cause existed to charge [Plaintiff] for the crimes," and that "unlawful legal proceedings [were] initiated by North Carolina's 26th Prosecutorial District Attorney's Office of Mecklenburg County." [See, e.g., Case No. 3:22-cv-416, Doc. 1 at 4; Case No. 3:22-cv-526, Doc. 1 at 4]. In large part, Plaintiff alleges that the subject charges were "dismissed without leave by the DA." [See, e.g., id., id.]. In three cases, it appears that the subject charges remain pending, and that Plaintiff is on bail. [Case Nos. 3:22-cv-450, 3:22-cv-461, 3:22-cv-462]. Plaintiff primarily claims violations of the Fourth, Fifth, and Fourteenth Amendments. In one case, Plaintiff adds the Eleventh Amendment to that list, [Case No. 3:22-cv-461, Doc. 1 at 3], and in another, he adds the Fifth, Sixth, and Eleventh Amendments, [Case No. 3:22-cv-450, Doc. 3 at 3]. Before conducting initial review of any of Plaintiff's pending cases assigned to the undersigned, the Court will address Plaintiff's motions to proceed in forma pauperis.

Federal courts "may authorize" a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). A district court thus has the authority to grant or deny an application to proceed in forma pauperis. Clarke v. Richmond Behav. Health Auth., 402 F. App'x 764, 766 (4th Cir. 2010). This discretion is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46

---

[3] Plaintiff alleges that these charges include felony larceny after breaking and entering, felony breaking and entering, felony attempted breaking and entering of a building, felony possession of burglary tools, felony resisting a public officer, felony larceny of a motor vehicle, felony safecracking, and misdemeanor resisting arrest charged and involve at least 24 North Carolina state court criminal cases.

4

(1915)). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Id. (quoting Ellis v. United States, 356 U.S. 674 (1958)).

Section 1915(d), in turn, permits district courts to dismiss suits filed pursuant to § 1915(a) if "the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). Thus, both the authority to accept and to dismiss such complaints arise from a single statute. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996)

Eight of the Plaintiff's cases are presently pending before the undersigned. The Plaintiff has applied to proceed in forma pauperis in each. The Long Form Applications in these cases are nearly identical.[4]

The Plaintiff's Applications show that he has had an average monthly income of $80 during the past twelve months, consisting entirely of gifts, and that he expects the same income next month. As assets, the Plaintiff claims several billion dollars in outstanding "Financial Instruments/Def. Judgments." This appears to refer to judgments that the Plaintiff expects to collect from his litigation before this Court, as well as in Georgia and South Carolina courts.[5] The Plaintiff reports monthly expenses in the amount $80. The Plaintiff does expect to have major changes in his monthly income in the next 12 months by collecting on his ostensibly outstanding

---

[4] In Case Nos. 3:22-cv-412 and 3:22-cv-494, the Plaintiff has only filed a Short Form Application. The Plaintiff failed to amend in Case No. 3:22-cv-412 and the time to do so has expired. That case is therefore subject to dismissal for lack of prosecution pursuant to Fed. R. Civ. P. 41. The Plaintiff will not be ordered to amend in Case No. 3:22-cv-494 at this time, however, and the Court takes judicial notice of the files in the Plaintiff's other pending cases. See Fed. R. Ev. 201. To the extent that the Applications conflict, the Court will address the Plaintiff's most recent Application, dated September 30, 2022, Case No. 3:22-cv-528-KDB.

[5] The Plaintiff recently filed in the United States District Courts for the Southern District of Georgia which were recently dismissed, Case Nos. 1:22-cv-78 and 1:22-cv-98; and in the Southern District of South Carolina which are presently pending, Case Nos. 3:22-cv-2257 and 3:22-cv-2258. See Fed. R. Ev. 201.

judgments. He expects to pay around $10 in conjunction with the litigation of each of his cases for mailing. The Plaintiff further explains that he cannot pay the costs of these proceedings because his "[e]mployment is severely constrained due to current litigation efforts in both civil and criminal court."

As discussed *supra*, the Plaintiff has recently inundated the Court with a deluge of duplicative and frivolous cases. The Court has carefully reviewed the Plaintiff's recent filings in this and other Courts and concludes that the Plaintiff is engaging in a pattern of abusive, frivolous, malicious, and harassing litigation that demonstrates an improper motive and lack of good faith. Accordingly, the Court will exercise its discretion to deny authorization to proceed in forma pauperis.

The Plaintiff shall have 14 days within which to pay the full filing fee in these cases. Should he fail to do so, any action for which he fails to pay the filing fee will be dismissed without prejudice and without further notice. Should Plaintiff pay the filing fee in any action, the Court will conduct its initial review and address Plaintiff's motions for default judgment, as appropriate.

**Plaintiff is strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**

    **IT IS, THEREFORE, ORDERED** that:

(1)   The Plaintiff's Motions to Proceed in Forma Pauperis [Case No. 3:22-cv-412, Doc. 7; Case No. 3:22-cv-416, Doc. 5; Case No. 3:22-cv-494, Doc. 2; Case No. 3:22-cv-495, Doc. 2; Case No. 3:22-cv-518, Doc. 2; Case No. 3:22-cv-519, Doc. 2; Case No. 3:22-cv-525, Doc. 2; Case No. 3:22-cv-526, Doc. 2] are hereby **DENIED.**

(2) The Plaintiff shall **PAY** the filing fee in these actions within 14 days of this Order. Any Complaint for which Plaintiff fails to timely pay the filing fee will be dismissed without prejudice and without further notice to the Plaintiff.

**IT IS SO ORDERED**.

Signed: October 6, 2022

Kenneth D. Bell
United States District Judge